***********
The undersigned have reviewed the prior Order and the brief and argument of Plaintiff's counsel. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission AFFIRMS the May 13, 2009 Order of Deputy Commissioner Homick.
 ***********
This workers' compensation claim was calendared for hearing on Monday, April 20, 2009, in Newton, North Carolina before Deputy Commissioner Homick. Prior to the hearing, the parties notified the Deputy Commissioner that they had resolved their differences and would *Page 2 
submit a compromise settlement agreement to the Industrial Commission for review. By Order, this workers' compensation action was removed from the trial calendar.
Plaintiff's counsel submitted his fee agreement to the Deputy Commissioner on May 6, 2009. The parties submitted a compromise settlement agreement for review on May 8, 2009.
On May 13, 2009, Deputy Commissioner Homick approved the compromise settlement agreement in the amount of $125,000.00 and awarded an attorney's fee to Plaintiff's counsel in the amount of $31,250.00, representing twenty-five percent of the gross settlement proceeds. Although requested, the Deputy Commissioner did not approve an attorney's fee in the amount of twenty-five percent of Defendants' waiver of a credit for short-term disability benefits under an employer-funded program paid to Plaintiff in the amount of $11,120.00. Plaintiff's counsel contends an additional attorney fee in the amount of $2,780.00 is payable.
On May 15, 2009, plaintiff's counsel filed a Motion for Reconsideration of the Order approving the attorney's fee award portion of the compromise settlement agreement on the basis that the fee was not awarded on the credit that Defendants had waived. Plaintiff's counsel withdrew the Motion For Reconsideration on May 21, 2009.
Pursuant to N.C. Gen. Stat. § 97-90, the Industrial Commission is required to review fees for attorneys and approve or award fees as it deems reasonable and appropriate.
Plaintiff's counsel contends that the employment contract executed indisputably permits collection of the contingency fee on the short-term disability payments waived by the Defendants as "amounts recovered." The contention is not well taken. The employment contract provides in pertinent part:
 Unless a separate written contract is made . . . representation in this workers' compensation claim will not include other matters such as (for example). . . . a claim for . . . private disability or retirement benefits. *Page 3 
 . . .
 "Amounts recovered" will include. . . . all other payments or amounts resulting from Attorneys' services.
 . . .
 "Amounts recovered" is the gross amount paid or due before deduction or credit for . . . group disability . . . salary continuation or other payments. . . .
Interpreting the contract according to the plain meaning of its terms, the contract of employment does not include services related to Plaintiff's short-term disability payments or the negotiation of the waiver of any off-set against workers' compensation benefits. Additionally, the plain language of the contract provides that Plaintiff's counsel is entitled to an attorney fee on the "gross amount" of the workers' compensation settlement irrespective of whether or not the credit was applied. Approving an attorney fee not authorized by the contract of employment is unreasonable.
Assuming arguendo that the contract of employment provided for payment of an attorney fee on the amount of the short-term disability credit, careful consideration has been given to the arguments contained in counsel's brief as applied to all of the factors provided in N.C. Gen. Stat. § 97-90. Balancing all of the statutory factors, counsel's application for the additional fee is unreasonable.
Just cause not existing to award an attorney's fee on the short-term disability benefit credit, the denial of the application for an additional attorney fee by Deputy Commissioner Homick is AFFIRMED.
This the ___ day of December, 2009. *Page 4 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR